## JONES v. EMERY.

Positive fraud vitiates every thing—contracts, obligations, deeds of conveyance, and even the records and judgments of courts; and contracts entered into upon fraudulent representations are voidable at the election of the party defrauded.

But fraud is never to be presumed, and must be clearly established by proof, or at least be manifestly indicated by the circumstances and condition of the contracting parties. It will not be implied from doubtful circumstances which only awaken suspicion.

If a party designedly misrepresent a material fact, which it was his duty to disclose, and upon which the other party had a right to rely, and did rely, for the purpose of misleading and deceiving the other party to his injury, he is guilty of a positive fraud, which will authorize the deceived party to avoid the contract entered into, in consequence of the misrepresentation.

Jones *v.* Emery.

ASSUMPSIT, upon an agreement of the defendant, made September 26, 1857, that, in consideration of his having that day contracted to purchase of the plaintiff a house and lot on Pine street, in Manchester, and promised to pay him therefor one thousand dollars on the first day of January, then next, he would pay the plaintiff one hundred dollars on the second day of January, then next, if he failed to make the payment of one thousand dollars according to his promise. A deed of the premises, a note for the $1,000, and this agreement, were all lodged with a third person, to be delivered to the respective parties according to the memorandum placed in his hands, by the terms of which, if the defendant failed to pay the $1,000 on the first day of January, 1858, the trade was to be given up, the deed returned to the plaintiff, and the $1,000 note to the defendant, upon his payment of the $100. On trial the plaintiff produced and offered to surrender to the defendant the $1,000 note.

The defence stated was, that the plaintiff induced the defendant to contract for the purchase of the house and lot, by false and fraudulent representations as to the limits and boundaries of the lot; and the evidence relied upon was, that after the papers were executed and deposited in the hands of a third person, one J. A. Potter, who owned an adjoining lot, claimed to own a portion of the lot which the plaintiff had previously pointed out as his, and which was included in the description of the same in the plaintiff's warrantee deed thereof to the defendant.

The court being of opinion that this evidence failed to establish any defence, directed a verdict for the plaintiff for $100 and interest, subject to the opinion of the whole bench.

*W. C. & S. G. Clarke*, for the plaintiff.

*Samuel Upton*, for the defendant.

---

Jones *v.* Emery.

---

FOWLER, J. The principle of the common law is well and distinctly settled, that positive fraud vitiates every thing—contracts, obligations, deeds of conveyance, and even the records and judgments of courts, incontrovertible as they are on every other ground; and contracts entered into upon fraudulent representations are voidable at the election of the party defrauded. *Hoitt* v. *Holcomb*, 23 N. H. 535; *Bank* v. *Gregg*, 14 N. H. 331; *Woods* v. *Kirk*, 28 N. H. 329.

But fraud is never to be presumed, and must be clearly established by proof. Not that positive and express proof must always be given, for whenever it is manifestly indicated by the circumstances and condition of the contracting parties, it will be presumed. But it will not be implied from doubtful circumstances which only awaken suspicion. Story on Contracts, sec. 169; *Trenchard* v. *Wauley*, 2 Peere Williams 166; 1 Story Eq. Jur., sec. 190; *Chesterfield* v. *Janssen*, 2 Ves. Sen. 155, 166; *Fullaque* v. *Clark*, 18 Ves. 483; *Goodtitle* v. *The Duke of Chandos*, 2 Burr. 1072; *Ellison* v. *Cookson*, 1 Ves. Jr. 108.

Where a party designedly misrepresents a material fact, which it was his duty to disclose, and upon which the other party had a right to rely, and did rely, for the purpose of misleading and deceiving the other party to his injury, he is guilty of a positive fraud, which will authorize the other party to avoid the contract. Story on Con., secs. 171, 172, 173, 175, and authorities cited.

In the case before us, the defendant claimed that the contract in suit had been obtained by such designed misrepresentations of a material fact in relation to the boundaries and extent of the lot bargained to be conveyed to him by the plaintiff. But he offered no proof whatever to sustain his position. The only circumstance shown in evidence tending to excite suspicions was the claim by J. A. Potter to a portion of the premises pointed out to the defendant as included within the boundaries of the lot

contracted to be sold, and embraced in the plaintiff's description thereof in the deed to the defendant. At most, this was only a doubtful circumstance, which, standing by itself, might be calculated to awaken suspicion, but, taken in connection with the warranty of title to the whole lot, as pointed out to the defendant, had not the slightest tendency to prove fraud. The defendant himself does not seem to have regarded it as any objection to the fulfilment of his contract, when, at the maturity of the note given for the purchase money of the premises, and demand of payment thereof, he made no other objection to paying it, than that he had not the money, and wished for further time in which to obtain it.

The defendant having entirely failed, therefore, to sustain the defence upon which he relied to avoid his contract to pay the plaintiff one hundred dollars, as liquidated damages for the non-fulfilment of his agreement to pay at maturity his note given for the purchase money of the bargained premises, and the plaintiff having produced on trial, and offered to surrender to the defendant that note, in pursuance of the terms of the contract, a verdict was properly directed for the plaintiff in the court below, and upon that verdict judgment must now be rendered.

*Judgment upon the verdict.*