Grafton
No. 2004-231

FRANK VAN DER STOK

v.

WAYNE VAN VOORHEES

Argued: October 20, 2004
Opinion Issued: January 24, 2005

*Whittington Law Associates, PLLC,* of Hanover (*W.E. Whittington* on the brief and orally), for the plaintiff.

*Clauson & Atwood,* of Hanover (*K. William Clauson* on the brief and orally), for the defendant.

NADEAU, J. The plaintiff, Frank Van Der Stok, appeals the Trial Court's (*Vaughan,* J.) rulings denying him summary judgment and awarding attorney's fees and costs to the defendant, Wayne Van Voorhees. We affirm in part, vacate in part and remand.

The trial court noted the following facts in its order on summary judgment. This case arises out of a transaction for the sale of real estate in Hanover between the defendant as buyer and the plaintiff as seller. During negotiations, the defendant explained to the plaintiff that he wanted to build a seasonal home near Dartmouth-Hitchcock Medical Center, where his wife was receiving dialysis treatment. The defendant claims that the plaintiff represented to him that "he could build a house on the property." In fact, the parties discussed the possibility of the plaintiff building the defendant's house. They did not discuss, however, the fact that the plaintiff had previously applied to the Hanover Zoning Board to build a seasonal home on the property and the application had been denied.

The parties entered into a purchase and sale agreement. At the closing, the defendant tendered a check for the purchase price and was given a deed by the plaintiff. Subsequently, the defendant went to the Hanover

town offices to inquire about the property and was told of the plaintiff's denied application to build a seasonal home. The defendant then stopped payment on his check.

The plaintiff brought an action on the purchase and sale agreement and on the check as a negotiable instrument. He also brought a claim under the bad checks statute, RSA chapter 544-B. The defendant counterclaimed for fraud/misrepresentation and for abuse of process and malicious civil prosecution.

The plaintiff moved for summary judgment, arguing that the defendant could not have reasonably relied upon his statements or omissions regarding whether the lot was buildable. The court denied summary judgment and the case went to trial. The jury found against the plaintiff on his remaining claim and for the defendant on his counterclaims. The jury awarded the defendant no damages but did award him attorney's fees. The plaintiff appealed.

■ The defendant argues that the plaintiff's appeal is untimely because it was filed more than thirty days after the denial of his motion for judgment notwithstanding the verdict and to set aside the verdict. *See* SUP. CT. R. 7(1)(A), (C). The plaintiff counters that he properly waited for a final ruling on attorney's fees before filing his notice of appeal. We agree with the plaintiff. "Generally, when a trial court issues an order that does not conclude the proceedings before it, for example, by deciding some but not all issues in the proceedings . . . we consider any appeal from such an order to be interlocutory . . . ." *Germain v. Germain*, 137 N.H. 82, 84 (1993). The plaintiff properly waited for all issues in the case to be finally decided before bringing his appeal.

The plaintiff first argues that the trial court erred in denying summary judgment. In reviewing a denial of summary judgment, "we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party." *Peerless Ins. v. Vt. Mut. Ins. Co.*, 151 N.H. 71, 72 (2004); *see also Dwire v. Sullivan*, 138 N.H. 428, 430 (1994). If no genuine issue of material fact existed, and the moving party was entitled to judgment as a matter of law, then summary judgment should have been granted. *See* RSA 491:8-a, III (1997).

■■ The defendant raised fraud as a defense to the plaintiff's claims. We have held that fraud in the inducement is a valid defense in a contract action: "New Hampshire law recognizes that the procuring of a contract or conveyance by means of fraud or negligent misrepresentation is an actionable tort and hence can be raised as a defense to a claim based on the

agreement." *Nashua Trust Co. v. Weisman*, 122 N.H. 397, 400 (1982) (citations omitted). The party seeking to prove fraud must establish that the other party "made a representation with knowledge of its falsity or with conscious indifference to its truth with the intention to cause another to rely upon it." *Snierson v. Scruton*, 145 N.H. 73, 77 (2000). In addition, the party seeking to prove fraud "must demonstrate justifiable reliance." *Id.*

The plaintiff contends that the defendant could not show reasonable reliance on the plaintiff's alleged misrepresentation. Specifically, he argues that any reliance could not be reasonable where the purchase and sale agreement provided that the "Seller makes no representations as to land use law or regulations." We disagree.

■ We have held that neither a standard merger clause, *see Colby v. Granite State Realty, Inc.*, 116 N.H. 690, 691 (1976), nor the parol evidence rule, *see Goldstein v. Gilman*, 93 N.H. 106, 109 (1944), bars an action for fraud. The plaintiff, however, asserts that a *specific* contractual disclaimer can negate any alleged reliance and cites cases from other jurisdictions to support his position. *See LaFazia v. Howe*, 575 A.2d 182, 185 (R.I. 1990); *Danann Realty Corp. v. Harris*, 157 N.E.2d 597, 599 (N.Y. 1959). In *Danann Realty Corp.*, for instance, the court noted:

> [P]laintiff has in the plainest language announced and stipulated that it is not relying on any representations as to the very matter as to which it now claims it was defrauded. Such a specific disclaimer destroys the allegations in plaintiff's complaint that the agreement was executed in reliance upon these contrary oral representations.

*Danann Realty Corp.*, 157 N.E.2d at 599 (citation omitted).

We decline to adopt that reasoning here. First, we are not convinced that, as a matter of law, the disclaimer in this case that "Seller makes no representations as to land use law or regulations" would put a reasonable person on notice that he could not rely upon the specific representation made in this case that the particular lot he was buying was a buildable lot. Moreover, we agree with Judge Fuld, dissenting in *Danann Realty Corp.*, that "the law does not temporize with trickery or duplicity," *id.* at 601:

> "The law should not, and does not, permit a covenant of immunity to be drawn that will protect a person against his own fraud. Such is not enforceable because of public policy. Language is not strong enough to write such a contract. Fraud destroys all

consent. It is the purpose of the law to shield only those whose armor embraces good faith."

*Id.* at 604 (quoting *Ganley Bros., Inc. v. Butler Bros. Bldg Co.*, 212 N.W. 602, 603 (Minn. 1927)) (citation omitted).

■ This approach comports with our case law. We long ago observed: "The principle of the common law is well and distinctly settled, that positive fraud vitiates every thing—contracts, obligations, deeds of conveyance, and even the records and judgments of courts, incontrovertible as they are on every other ground . . . ." *Jones v. Emery,* 40 N.H. 348, 350 (1860). We have also stated that "courts do not lend their aid to enforce agreements against the principles or the policy of law, or having injustice or fraud for their object." *King v. Hutchins,* 28 N.H. 561, 576 (1854). Accordingly, we conclude that the defendant was not precluded by the contractual disclaimer from establishing the defense of fraud, and therefore the trial court correctly denied summary judgment. We emphasize, however, that our holding is limited to instances of positive fraud; that is, instances in which the party alleged to have committed fraud "made a representation with knowledge of its falsity or with conscious indifference to its truth with the intention to cause another to rely upon it." *Snierson,* 145 N.H. at 77. Because we conclude that the plaintiff was not entitled to judgment as a matter of law, we need not address his claim that the trial court erred by finding an irrelevant issue to be a genuine issue of material fact.

The plaintiff also contends that the trial court erred in awarding attorney's fees and costs to the defendant. "We review the trial court's award of attorney's fees under an unsustainable exercise of discretion standard, giving deference to the trial court's decision." *Arcidi v. Town of Rye,* 150 N.H. 694, 704 (2004).

The plaintiff contends that the court erred in submitting the issue of attorney's fees to the jury because it is an issue for the trial judge, not the jury. We find this issue to be moot, however, because although the trial judge instructed the jury on the awarding of attorney's fees, he appears to have made the decision himself and specifically stated in his post-trial order that "the decision to award attorney's fees lies within the discretion of the trial court." The judge based his decision to award attorney's fees upon the factual finding of bad faith made by the jury. *See Drop Anchor Realty Trust v. Hartford Fire Ins. Co.,* 126 N.H. 674, 679 (1985).

■ The plaintiff also contends that attorney's fees are not awardable as a part of tort recovery and that an award of fees against him cannot be justified under the exception for "patently unreasonable" litigation where the case was close enough to submit to the jury. "The general rule in this State is that each party to a lawsuit is responsible for payment of his or her own attorney's fees." *Clipper Affiliates v. Checovich*, 138 N.H. 271, 277 (1994) (emphasis omitted). Exceptions to this rule "include instances where litigation is instituted or unnecessarily prolonged through a party's oppressive, vexatious, arbitrary, capricious or bad faith conduct and cases in which parties are forced to litigate against an opponent whose position is patently unreasonable." *Daigle v. City of Portsmouth*, 137 N.H. 572, 574 (1993) (quotations and citation omitted).

■ The trial court did not award fees on either ground challenged by the plaintiff. Rather, the court cited the exception for situations "where an individual is forced to seek judicial assistance to secure a clearly defined right if bad faith can be established." (Quotation omitted). The court's use of this exception, however, was erroneous. The exception, more fully set forth, is:

> [W]here an individual is forced to seek judicial assistance to secure a clearly defined and established right, *which should have been freely enjoyed without such intervention*, an award of counsel fees on the basis of bad faith is appropriate. This principle merely shifts the cost of what should have been an unnecessary judicial proceeding to the responsible party . . . .

*Funtown USA v. Town of Conway*, 129 N.H. 352, 354 (1987) (quotation, brackets and ellipsis omitted; emphasis added). We have employed this exception where a party was required to litigate against a town in order to build a waterslide which it "had a vested right to construct," *id.* (quotation omitted), and where a claimant was forced to litigate in order to receive unemployment benefits to which his right was "clearly established" by statute and a prior decision of this court, *Harkeem v. Adams*, 117 N.H. 687, 691 (1977). Such vested and statutory rights are the kind "which should have been freely enjoyed without" having to bring suit. *Funtown*, 129 N.H. at 354.

■ The defendant's claims in this case, however, were not of that character. He brought counterclaims for fraud/misrepresentation and for abuse of process and malicious civil prosecution. Rather than established rights, these are merely causes of action, which must be litigated in order

to obtain relief. Thus, the trial court's award of fees under the "established right" exception cannot be sustained. Accordingly, we vacate the fee award.

■ The defendant claimed, however, that the plaintiff "obtained an ex parte attachment on the basis of false representations" and that his "suit is in bad faith." Moreover, the trial court noted that "the jury specifically found in response to question five of the Special Jury Question[s], that the conduct of the plaintiff had been wanton, malicious and oppressive." Thus, the exception for litigation "instituted or unnecessarily prolonged through a party's oppressive, vexatious, arbitrary, capricious or bad faith conduct" may be applicable. *Daigle*, 137 N.H. at 574 (1993) (quotation omitted). We therefore remand for a determination of whether fees should be awarded under this exception.

The plaintiff also argues that the award of fees and costs was improper because the defendant was not a prevailing party. Specifically, he contends that the defendant did not prevail where the jury awarded him no damages. We agree with the plaintiff in part.

The defendant brought two counterclaims in tort for fraud/misrepresentation and for abuse of process and malicious civil prosecution. "Damages are of course an element to be proven . . . with any . . . tort claim, and the absence of such proof defeats the [defendant's] claim[s] in this case." *Ferrero v. Coutts*, 134 N.H. 292, 295 (1991). Thus, because the jury awarded the defendant no damages, he did not prevail on his counterclaims for purposes of an award of attorney's fees.

■ The defendant did, however, successfully defend against, and therefore prevail on, the plaintiff's claim against him. Where a party prevails on some claims and not others, and the successful and unsuccessful claims are analytically severable, "any fee award should be reduced to exclude time spent on unsuccessful claims." *Appeal of Brown*, 143 N.H. 112, 121 (1998); *see also Funtown*, 129 N.H. at 356. Accordingly, if the trial court awards attorney's fees on remand, it must determine whether the defendant's counterclaims are analytically severable from his defense of the plaintiff's claim and, if so, reduce the fee award accordingly.

In addition, "[w]here separate and distinct causes of action have been tried in one suit, we have allowed a party to recover costs for those issues on which that party prevailed." *Laramie v. Sears, Roebuck & Co.*, 142 N.H. 653, 661 (1998). Because we have concluded that the defendant did not prevail on his counterclaims, we also vacate the award of costs to afford the trial court the opportunity to reconsider that award in light of

our ruling. We emphasize, however, that "[t]he award of costs lies within the sound discretion of the trial court." *Cutter v. Town of Farmington*, 126 N.H. 836, 843 (1985).

*Affirmed in part; vacated in part; and remanded.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.