# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0191, <u>Mark Keenan v. Karen Tuthill & a.</u>, the court on November 28, 2018, issued the following order:**

Having considered the plaintiff's brief, the defendants' memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Mark Keenan, appeals an order of the Superior Court (<u>Brown</u>, J.), following a three-day bench trial on bifurcated counterclaims of the defendants, Karen Tuthill and Scott Tuthill, requiring that the plaintiff trim certain trees on his property biannually and contribute to future snow removal costs over a common driveway, and awarding the defendants attorney's fees and costs. He argues that the trial court erred by: (1) obligating him to hire a tree service biannually to trim the trees; (2) requiring that he contribute to the snow removal costs or, alternatively, remove snow from the common driveway himself; and (3) concluding that the defendants were "prevailing parties" for purposes of awarding them attorney's fees and costs.

At the outset, we note that plaintiff has not provided a trial transcript as part of the record on appeal. Nor has he provided any of the pleadings filed in the trial court other than his motion for reconsideration. It is the plaintiff's burden, as the appealing party, to provide so much of the record as is necessary to decide the issues he is raising. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). We assume that portions of the record that the plaintiff has not provided support the trial court's findings and rulings, <u>see</u> <u>id</u>., and absent a transcript, we review the trial court's order for errors of law only, <u>see</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 396-97 (1997).

The trial court summarized the defendants' counterclaims as follows:

> . . . [T]he [defendants] request the Court [to] award them: $10,250 for fence repairs; $10,500 to restore their driveway; $2,750 for snowplow expenses; $3,600 in tree trimming costs; $1,144.20 in surveying costs; and $86,663.48 in attorney's fees. The [defendants] also request the Court [to] order the [plaintiff and his wife] to remove all items from the common driveway area, including: plants, flowers, and shrubs; the parking pad; the flower gardens; and any rocks, posts, or poles placed there by [the plaintiff]. The [defendants] finally request the Court [to] order the [plaintiff and his wife] to annually hire a tree trimmer to maintain

[the plaintiff's] trees and to contribute to snowplowing expenses related to the common driveway.

With respect to each claim for damages, other than attorney's fees, the trial court ruled in favor of the plaintiff. The trial court likewise denied the request to order the plaintiff to remove items from the common driveway.

With respect to requiring the plaintiff to hire someone to maintain his trees, however, the trial court ruled:

> . . . [The plaintiff] acknowledges that trimming the trees is his responsibility and proposes [that] the Court allow him to trim and maintain the trees himself. However, given the long history of animosity between the parties, combined with [the plaintiff's] tendency to make even an easy task difficult, the Court finds the better solution is to have a third party trim the trees. Therefore, the [plaintiff and his wife] will hire a tree service, at their expense, twice a year, and will provide the [defendants'] lawyer with fifteen (15) days' prior notice of the date the work is to be done.

With respect to requiring the plaintiff to contribute to future snow removal costs, the trial court proposed two options: either the plaintiff could be ordered to remove all snow from the common driveway, or the parties could be ordered to hire a third party to remove such snow, and to share the costs of snow removal. The trial court observed that the first option "would remove any issues [the plaintiff] had with the [defendants'] snowplow contractors driving over the grass [that he had planted] in the common area." The trial court required the parties to notify it of which option they chose.

Finally, the trial court granted the defendants an award of attorney's fees and costs pursuant to Harkeem v. Adams, 117 N.H. 687, 690 (1977). Specifically, the court found that the plaintiff's "difficult nature and unreasonable conduct has turned what, in a civilized society, would otherwise be a simple neighbor dispute into an unnecessarily long and vexatious litigation. Accordingly, these proceedings should have been unnecessary and the [defendants] are entitled to attorney's fees and costs." The trial court denied the request, however, for $86,663.48 in attorney's fees and costs, instead awarding $10,000 in attorney's fees and $2,654.04 in costs.

The plaintiff moved for reconsideration, arguing that, under Pesaturo v. Kinne, 161 N.H. 550, 555 (2011), he could be liable for damages to the defendants' property caused by his trees only to the extent that he "knows or should know that his tree is decayed or defective and fails to maintain the tree reasonably." Thus, he argued that the trial court erred by ordering him to trim his trees biannually. The plaintiff further argued that, with respect to snow removal, the trial court should have required the parties each to remove snow

2

from the areas of the common driveway "leading to and near their properties," and required the defendants to reimburse him, under Pesaturo, for any future damage they cause by their snow removal. Finally, the plaintiff argued that, because he had allegedly "prevailed on each of the [defendants'] claims," the defendants were not entitled to an award of attorney's fees. The trial court denied the motion, and this appeal followed.

We first address whether the trial court erred by obligating the plaintiff to hire a tree service to trim his trees biannually, and either to contribute to snow removal costs or to remove snow from the common driveway himself. The plaintiff argues that these portions of the trial court's order are inconsistent with Pesaturo. In Pesaturo, we held that "a landowner who knows or should know that his tree is decayed or defective and fails to maintain the tree reasonably is liable for injuries proximately caused by the tree, even when the harm occurs outside of his property lines." Pesaturo, 161 N.H. at 555. The plaintiff argues that, under Pesaturo, he has no legal obligation to trim otherwise healthy trees, and may incur liability in connection with snow removal only to the extent that he causes harm to another.

Pesaturo, however, addressed a landowner's liability for damages under a common law negligence theory. See id. at 553-55. Here, the portions of the trial court's order obligating the plaintiff to trim his trees and contribute to future snow removal costs are not damages awards, but are in the nature of injunctions. It is well-established that a trial court may grant injunctive relief to abate a nuisance, see, e.g., Cook v. Sullivan, 149 N.H. 774, 782 (2003), or to enforce property rights, see, e.g., Traficante v. Pope, 115 N.H. 356, 359 (1975).

The propriety of granting an injunction in any particular case rests within the trial court's sound discretion. Cook, 149 N.H. at 782. We note that, in Pesaturo, we held that the complaint failed to state a cause of action for nuisance because there was no allegation that the defendant had contributed to the existence of the offending tree. Pesaturo, 161 N.H. at 553. Here, by contrast, the trial court specifically found that the plaintiff had planted the offending trees along the defendants' fence in the course of the parties' dispute. Because the record on appeal contains neither the pleadings nor a transcript, we cannot say that the trial court unsustainably exercised its discretion by ordering the plaintiff to hire a service biannually to trim the trees, and either to contribute to snow removal costs or to clear the driveway of snow himself.

We next address whether the trial court erred by awarding the defendants attorney's fees and costs. "We review the trial court's award of attorney's fees under an unsustainable exercise of discretion standard, giving deference to the trial court's decision." Van Der Stok v. Van Voorhees, 151 N.H. 679, 683 (2005) (quotation omitted).

3

The plaintiff argues that the defendants were not entitled to an award of attorney's fees and costs under <u>Harkeem</u> because, he claims, he "prevailed on all the [defendants'] counter claims." To the contrary, the defendants successfully litigated their claims seeking equitable orders requiring the plaintiff to hire a tree service and to contribute to snow removal costs. Thus, they were "prevailing parties" as to those claims. <u>See</u> <u>id</u>. at 685. When a party has prevailed on some, but not all, claims, and the successful and unsuccessful claims are analytically severable, any fee award should be reduced to exclude time spent on the unsuccessful claims. <u>Halifax-American Energy Co. v. Provider Power, LLC</u>, 170 N.H. 569, 589 (2018). When the claims are not analytically severable, however, the trial court is not required to exclude time attributable to unsuccessful claims in awarding fees. <u>See</u> <u>id</u>.

We assume that the trial court made all subsidiary findings necessary to support its decision. <u>In the Matter of Aube & Aube</u>, 158 N.H. 459, 466 (2009). Here, in the absence of a transcript or any of the pleadings relative to the request for attorney's fees, we assume that in awarding $10,000 in attorney's fees and $2,654.04 in costs, the trial court either excluded attorney's fees and costs attributable to the unsuccessful claims or determined that those claims were not analytically severable. Upon this record, we cannot say that the award of attorney's fees and costs was an unsustainable exercise of discretion. <u>Van Der Stok</u>, 151 N.H. at 683.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,<br>Clerk**

4