# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0426, <u>Donald Toy & a. v. City of Rochester & a.</u>, the court on June 8, 2021, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The City of Rochester appeals the decision of the Superior Court (<u>Howard</u>, J.), upon remand, ordering equitable relief and awarding attorney's fees to the plaintiffs, Donald Toy and Bonnie Toy, for having conferred a substantial benefit on bidders and taxpayers by successfully seeking a requirement of fairness in the bid procedures. Adopting the remedy we suggested in <u>Toy v. City of Rochester</u>, 172 N.H. 443, 454 (2019), the trial court ordered the city to reacquire title to the lot at issue and, if there is a subsequent sale, to treat all bidders fairly and equally. On appeal, the city does not directly challenge the merits of the underlying order; rather, it argues that the trial court erred in: (1) awarding attorney's fees in a declaratory judgment action; and (2) determining the amount of the attorney fee award without conducting a <u>Funtown</u> analysis. <u>See</u> <u>Funtown USA, Inc. v. Town of Conway</u>, 129 N.H. 352, 356 (1987). The city also argues that we should overrule <u>Irwin Marine, Inc. v. Blizzard, Inc.</u>, 126 N.H. 271 (1985), the case upon which the trial court relied before and after remand, and upon which we relied in our opinion. <u>See</u> <u>Toy</u>, 172 N.H. at 453. We affirm.

The city first argues that the trial court erred in awarding attorney's fees on remand because the only remaining claim was for declaratory judgment under RSA 491:22 (Supp. 2020), which does not "permit awards of costs and attorney's fees under RSA 491:22-b in declaratory judgment actions that are not for the purpose of determining insurance coverage." RSA 491:22, I; <u>see</u> <u>New England Backflow v. Gagne</u>, 172 N.H. 655, 667 (2019). However, as the trial court correctly noted, the plaintiffs' complaint invoked the court's equity jurisdiction, not merely a claim under RSA 491:22. Accordingly, the city's argument is misplaced.

The city next argues that the trial court erred in awarding attorney's fees without conducting a <u>Funtown</u> analysis. We review the trial court's award of attorney's fees under our unsustainable exercise of discretion standard, keeping in mind the substantial deference accorded to a trial court's decision on attorney's fees. <u>Demers Agency v. Widney</u>, 155 N.H. 658, 664-65 (2007). To be reversible on appeal, the discretion must have been exercised for reasons clearly untenable or to an extent clearly unreasonable to the prejudice of the

objecting party. Arcidi v. Town of Rye, 150 N.H. 694, 704 (2004). If there is some support in the record for the trial court's determination, we will uphold it. Id.

In Funtown, we set forth "eight guiding factors for use in determining whether an attorney's fee [award] is reasonable." Funtown, 129 N.H. at 356. The trial court should consider: (1) the amount involved; (2) the nature, novelty, and difficulty of the litigation; (3) the attorney's standing; (4) the skill employed; (5) the time devoted; (6) the customary fees in the area; (7) the extent to which the attorney prevailed; and (8) the benefit bestowed on the clients. Id.

To the extent that the city argues that the trial court must make express findings as to each of these factors, the city provides no authority for its position. Generally, we assume that the trial court made all subsidiary findings necessary to support its decision, even if it did not do so expressly. See Nordic Inn Condo. Owners' Assoc. v. Ventullo, 151 N.H. 571, 586 (2004). The city specifically challenges the trial court's findings that the plaintiffs' attorneys prevailed, and that they bestowed a benefit upon their clients. The city argues that the plaintiffs should receive no attorney's fees, or only a portion of their fees, because they did not actually achieve their litigation goal of obtaining ownership of the disputed parcel. We disagree.

In Irwin Marine, we held that the City of Laconia should be required to pay the plaintiff's attorney's fees for having conferred a substantial benefit on bidders by setting aside a sale that was based upon an unfair bid procedure, notwithstanding the fact that the plaintiff did not achieve the goal of security ownership of the property. Irwin Marine, 126 N.H. at 276-77. Similarly, in this case, the trial court found that the plaintiffs "vindicated [their] own interest in setting aside a sale of municipal property that was based on an unfair public bidding procedure," and "conferred a substantial benefit on bidders as well as [Rochester's] citizens and taxpayers by successfully seeking a requirement of fairness," quoting Irwin Marine, 126 N.H. at 276-77. Keeping in mind the substantial deference accorded to a trial court's decision on attorney's fees, see Demers Agency, 155 N.H. at 665, we cannot conclude that the court unsustainably exercised its discretion in awarding fees on this basis.

Finally, the city argues that we should now overrule Irwin Marine, a case on which we relied, in part, in our analysis. In our opinion in the previous appeal, we concluded that, in contravention of Irwin Marine, the city failed to treat the plaintiffs "fairly and equally" because it did not require the Philbrooks to accept the same restrictive covenant demanded of the plaintiffs. See Toy, 172 N.H. at 454. At that time, the city did not ask us to overrule Irwin Marine, a point we specifically noted in our opinion. See id. at 450. Under the law of the case doctrine, issues that have been decided, either explicitly or by necessary inference from the earlier disposition, constitute the law of the case. Saunders v. Town of Kingston, 160 N.H. 560, 566 (2010). The continuing

validity of <u>Irwin Marine</u> was not challenged by the city, and, implicitly, by necessary inference, we deemed it relevant, if not controlling, authority. Accordingly, we conclude that the law of the case doctrine precludes reconsideration of this issue in this appeal.  <u>See</u> <u>Saunders</u>, 160 N.H. at 566.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,<br>Clerk**