# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case Nos. 2022-0733 and 2023-0037, <u>Mary Feeney v. Karyn Kelley</u>, the court on August 22, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). In these consolidated appeals, the defendant, Karyn Kelley, appeals orders of the Superior Court (<u>Anderson</u>, J.): (1) granting a motion of the intervenor, Kevin M. Kelley, who is the defendant's brother and personal representative of the estate of their now-deceased mother, to intervene and attach certain funds held by the trial court; and (2) granting the intervenor's motion to distribute a portion of the attached funds. We affirm.

We begin by summarizing the procedural history of this case. In 2014, the Trial Court (<u>Abramson</u>, J.) granted a petition to partition certain real property that the defendant and the plaintiff, Mary Feeney, had jointly owned. We upheld the trial court's decision following the defendant's appeal. <u>See</u> <u>Feeney v. Kelley</u>, No. 2015-0049 (N.H. Oct. 9, 2015). Thereafter, a court-appointed commissioner sold the property and deposited the proceeds into an escrow account to be distributed by the trial court. Following a further evidentiary hearing, the Trial Court (<u>Anderson</u>, J.) issued an order on August 31, 2020, dividing the proceeds and awarding $46,107.72 of the proceeds to the defendant. On September 25, 2020, the trial court denied the defendant's motion to reconsider the order dividing the sale proceeds.

Five days later, on September 30, 2020, the intervenor moved to intervene, submitting proof that: (1) prior to her death, the decedent secured a civil judgment against the defendant in the amount of $33,000; (2) the intervenor is the court-appointed personal representative of the decedent's estate; (3) on September 4, 2020, the United States Bankruptcy Court issued an order excepting the $33,000 judgment from the defendant's bankruptcy discharge; (4) the defendant did not appeal the bankruptcy court's order, and the bankruptcy court closed the defendant's bankruptcy on September 29, 2020; and (5) the defendant owes the estate $33,000 plus interest. The intervenor sought to intervene in order to claim an interest in the $46,107.72 that the trial court was holding on behalf of the defendant, and he moved to attach those funds. Although the intervenor had filed the motion to attach as an <u>ex parte</u> motion, the trial court noted that, because the funds were held by the court, there was no danger that they would be transferred, and thus it ordered the intervenor to serve the motion on all parties, and gave the defendant fifteen days within which to object. The defendant subsequently

objected both to the motion to intervene and to the motion to attach, and on October 19, 2020, the Trial Court (Anderson, J.) granted both motions.

One week later, on October 26, 2020, the defendant filed a notice of mandatory appeal with this court. In her appeal, the defendant challenged the trial court's August 31, 2020 order dividing the proceeds from the sale of the property and awarding $46,107.72 to the defendant. The defendant did not specifically challenge the October 19, 2020 order granting the intervenor's motions to intervene and to attach the $46,107.72. Three days later, on October 29, 2020, the defendant filed a motion with the trial court to reconsider its October 19, 2020 order. The defendant did not notify this court that she had filed the post-appeal reconsideration motion, and the trial court did not rule upon it. We ultimately upheld the trial court's decision dividing the sale proceeds. See Feeney v. Kelley, No. 2020-0490 (N.H. Oct. 20, 2021). The United States Supreme Court denied the defendant's petition for certiorari on June 13, 2022, and on August 22, 2022, the United States Supreme Court denied the defendant's petition for rehearing.

On October 26, 2022, the intervenor filed a motion with the trial court seeking to distribute $33,000 of the attached funds to satisfy the outstanding judgment, and $4,436.40 of the funds to satisfy attorney's fees that had been awarded by the court that had issued the $33,000 judgment and by the court with jurisdiction over the decedent's estate. The defendant objected, asserting, among other things, that the trial court had improperly granted the motions to intervene and to attach, and that the trial court had never ruled on her October 29, 2020 motion to reconsider. The Trial Court (Anderson, J.) granted the motion to distribute on November 21, 2022, observing that, with respect to the October 29, 2020 motion for reconsideration, the motion was "now moot as [the defendant] unsuccessfully appealed the ruling at issue."

Thereafter, the defendant filed two separate mandatory appeals, one identifying the October 19, 2020 order granting the motions to intervene and attach as the decision being appealed and the November 21, 2022 order on the motion to distribute as a decision on a "post-trial motion," see Sup. Ct. R. 7(1)(C) (noting that a "decision on the merits" includes a decision on a motion "made after an order, verdict, opinion, decree or sentence," and that a timely post-decision motion stays the running of the appeal period), and one identifying the November 21, 2022 order as the decision being appealed and an order denying the defendant's subsequent motion to reconsider as a decision on a post-trial motion. We accepted both appeals and consolidated them. On appeal, the defendant raises numerous arguments challenging both the October 19, 2020 order granting the motions to intervene and attach, and the November 21, 2022 order granting the motion to distribute the attached funds.

We conclude that the trial court's October 19, 2020 order granting the motions to intervene and attach is not properly before us in this appeal. Under

the final judgment doctrine, a trial court order that does not conclude the proceedings by deciding all pending issues is interlocutory, and any appeal of an order issued prior to the trial court's resolution of all pending issues is premature under Supreme Court Rule 7. See Jesurum v. WBTSCC Ltd. P'ship, 169 N.H. 469, 482 (2016) (holding that defendants' appeal of the trial court's order on the merits prior to the trial court's ruling on the plaintiff's timely motion to reconsider the denial of attorney's fees was premature); Van Der Stok v. Van Voorhees, 151 N.H. 679, 681 (2005) (holding that appealing party properly waited to file appeal until after trial court issued ruling on attorney's fees, rather than to appeal its earlier denial of motions for judgment notwithstanding the civil jury verdict and to set aside the verdict). Here, although the defendant expressly challenged only the August 31, 2020 decision dividing the sale proceeds and awarding her $46,107.72 of the proceeds in her October 26, 2020 appeal, the August 31, 2020 decision did not become final and appealable until October 19, 2020, when the trial court granted the intervenor's pending motions and resolved the remaining issues in the case.

Accordingly, the October 19, 2020 decision granting the motions to intervene and attach was necessarily part of the final decision on the merits that the defendant timely appealed on October 26, 2020. Once the defendant timely filed her appeal on October 26, 2020, the trial court lacked jurisdiction to rule upon her October 29, 2020 motion to reconsider. Rautenberg v. Munnis, 107 N.H. 446, 447 (1966). By not challenging the October 19, 2020 order in her 2020 appeal, the defendant effectively waived any issues she could have raised regarding that order, see State v. Blackmer, 149 N.H. 47, 49 (2003) (stating that issues not raised in notice of appeal or raised in a notice of appeal but not briefed are waived), and the trial court, therefore, correctly observed the October 29, 2020 motion for reconsideration was "now moot as [the defendant] unsuccessfully appealed the ruling at issue." We conclude, therefore, that the only issues properly before us as part of this appeal are those issues challenging the trial court's November 21, 2022 decision granting the intervenor's motion to distribute $37,436.40 of the attached funds.

As the appealing party, the defendant has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order granting the intervenor's motion to distribute $37,436.40 of the attached funds, the defendant's challenges to that decision, the relevant law, and the record submitted on appeal, we conclude that the defendant has not demonstrated reversible error. See id.

Affirmed.

MacDonald, C.J., and Hicks, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3