Nashua District Court
No. 2008-402

DANIEL ZORN & a.

v.

GEORGE DEMETRI & a.

Submitted: February 18, 2009
Opinion Issued: March 18, 2009

*Law Office of Dennis C. Hogan, PLLC,* of Nashua (*Dennis C. Hogan* on the brief), for the plaintiffs.

*Tarbell & Brodich P.A.,* of Concord (*Eaton W. Tarbell, III* on the brief), for the defendants.

BRODERICK, C.J. The plaintiffs, Daniel and Cynthia Zorn, appeal an order of the Nashua District Court (*Leary,* J.) ruling that the defendants, George and Stella Demetri, are not landlords as that term is defined in RSA 540-A:5 (2007). We affirm.

The relevant facts are undisputed. During the time relevant to this appeal, the defendants owned three properties: the home in which they resided; a single-family home in Hollis; and a vacation home in York Beach, Maine. The defendants rented the vacation home to others on a weekly basis for several weeks during the summer and occasionally during the other seasons.

In November 2006, the defendants rented the single-family home in Hollis to the plaintiffs at a monthly rent of $2,500. In addition to the first month's rent, the plaintiffs paid $10,000 as a security deposit.

After the plaintiffs vacated the single-family home in 2007, they brought suit alleging, *inter alia,* violations of RSA 540-A:6 (2007), which governs security deposits. The trial court ruled that because the defendants were not landlords as defined in RSA 540-A:5, I, the statutory provisions governing security deposits did not apply to them. The plaintiffs appeal that ruling.

We will sustain the trial court's findings and conclusions unless they are lacking in evidential support or tainted by error of law. *Greenhalgh v. Presstek,* 152 N.H. 695, 701 (2005). The interpretation of a statute is a question of law, which we review *de novo. Correia v. Town of Alton,* 157 N.H. 716, 718 (2008). In matters of statutory interpretation, we are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. *In re Alexis O.,* 157 N.H. 781, 785 (2008). We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result. Moreover, we do not consider

words and phrases in isolation, but rather within the context of the statute as a whole. This enables us to better discern the legislature's intent and to interpret statutory language in light of the policy or purpose sought to be advanced by the statutory scheme. *Id.*

RSA 540-A:5 includes the following definitions:

> I. "Landlord" means a person . . . who rents or leases to another person a rental unit, including space in a manufactured housing park as regulated by RSA 205-A and in manufactured housing, for other than vacation or recreational purposes. *A person who rents or leases a single-family residence and owns no other rental property* or who rents or leases rental units in an owner-occupied building of 5 units or less shall not be considered a "landlord" for the purposes of this subdivision . . . .
>
> . . . .
>
> III. "Tenant" means any person who rents or leases residential premises owned by another, including space in a manufactured housing park regulated by RSA 205-A and in manufactured housing, for other than vacation or recreational purposes.
>
> IV. "Rental unit" means each separate part of any residential premises which has full facilities for habitation, including contiguous living, sleeping, kitchen and bathroom facilities, which is held out for rental by the landlord.

(Emphasis added.) The defendants rented a single-family residence to the plaintiffs — the issue is whether the defendants own any other "rental property." If the defendants' vacation home in Maine constitutes other "rental property," then the defendants are "landlords" as defined by the statute.

The trial court found that the Maine home is a vacation property and was not leased for residential purposes; accordingly, the trial court ruled that it is not a "rental unit," since that term is defined as each separate part of any *residential* premises. The plaintiffs do not dispute this, but contend that the plain meaning of the term "rental property" is broader — they argue that the vacation home is "rental property" by virtue of the fact that it is property that is rented. We disagree.

We considered an analogous argument in *Atwood v. Owens*, 142 N.H. 396 (1997). There, we were asked to determine whether the term "rental unit" in RSA 540-A:5 included a tavern in which the tenants resided and operated a commercial venture. The issue turned on whether the term "residential premises" as used in the definition of "rental unit" applied to the tavern. The tenants argued that "residential premises" is undefined in the statute,

and its plain meaning would include a structure in which the tenants resided regardless of whether their primary purpose for renting it was to operate a commercial venture.

■ In considering the tenants' argument, we began by noting:

> [I]t is one of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary; but to remember that statutes always have some purpose or object to accomplish. Therefore, while we give undefined language its plain and ordinary meaning, we must keep in mind the intent of the legislation . . . and not simply . . . examine isolated words or phrases found therein.

*Atwood*, 142 N.H. at 398 (quotation and brackets omitted). We refused to construe the term "residential premises" so broadly as to include a large commercial property containing only modest living quarters. Accordingly, we held that the statute did not encompass commercial leases where the "residential" component of the leasehold is incidental. *Id.* at 398-99.

■ Similarly, in construing the term "rental property" we must keep in mind the intent of the legislation and not simply examine an isolated phrase. It is clear from the definition of "landlord" that the legislature did not intend the statutory restrictions on security deposits to apply to a person who rents to another for vacation or recreational purposes. RSA 540-A:5, I, III. In addition, as *Atwood* indicates, the legislature did not intend the statute to encompass commercial leases. *Atwood*, 142 N.H. at 399. Finally, the legislature indicated that a person who rents one single-family residence only is not subject to the statutory restrictions on security deposits. RSA 540-A:5, I.

■ We conclude that read in the context of the statutory scheme and in light of the apparent legislative intent, the term "rental property" refers to other property subject to the statutory restrictions on security deposits. The legislature has determined that a person who rents one single-family residence and a person who rents for vacation purposes should not be required to comply with the statutory restrictions. Based upon our review of the entire statute, we conclude that the legislature did not intend for a person who participates in both exempt activities to lose the exemption. The statute as a whole evinces an intent to govern the rental of only residential premises with an exemption for a person who rents only one single-family residence. We believe that our construction of "rental property" is consistent with this statutory scheme and best conforms to the legislative intent.

Of course, if the legislature disagrees with our construction, it is free to amend the statute as it sees fit. *Wass v. Fuller*, 158 N.H. 280, 283 (2009).

*Affirmed.*

DALIANIS, DUGGAN and HICKS, JJ., concurred.