**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0729, <u>Brentwood Distribution, LLC v. Town of Exeter</u>, the court on July 7, 2016, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The respondent, the Town of Exeter (Exeter), appeals orders of the Superior Court (<u>Delker</u>, J.) in which the trial court concluded that Exeter's posting of a weight limit on Pine Road was unlawful, enjoined its enforcement, and ordered Exeter to pay the attorney's fees and costs incurred by three businesses which challenged the posting. One of the intervenors in the case, the Town of Brentwood, cross-appeals the trial court's denial of its request for attorney's fees. We conclude that: (1) the trial court erred when it decided that the posting was unlawful; and (2) none of the three businesses or the Town of Brentwood is entitled to attorney's fees. Therefore, we reverse in part and affirm in part.

The trial court found, or the record supports, the following facts. Pine Road begins at the intersection of Route 27 in Exeter, and continues into Brentwood. Exeter's section of Pine Road is sparsely populated, but there are several businesses located on Pine Road in Brentwood, including the petitioner, Brentwood Distribution, LLC (Brentwood Distribution), and The Quikrete Companies, Inc. (Quikrete) and Northern Elastomeric, Inc. (NEI). These businesses use heavy trucks that travel over Pine Road on a daily basis.

In the spring of 2010, the Exeter Highway Department Superintendent recommended to the Exeter Board of Selectmen (Exeter Board) that Pine Road be rebuilt and upgraded. In April and July 2010, town officials from Exeter met with officials from the Town of Brentwood to discuss whether, because the trucks from Brentwood businesses were damaging the road, the Town of Brentwood would contribute to the upgrade. A Brentwood selectman said that a warrant article would be submitted at the next town meeting to pay the Town of Brentwood's share of the cost of the road upgrade.

In July, the Exeter Board discussed various options regarding Pine Road, including posting the road with a weight limit of eight tons in accordance with RSA 231:191 (2009). RSA 231:191, I, provides, in pertinent part, that "[t]he governing body of a municipality may establish maximum weight limits . . . for any class IV, V, or VI highway," which includes Pine Road, "when the highway

agent determines that such highway requires postings to prevent unreasonable damage or extraordinary municipal maintenance expense." The Exeter Board decided to upgrade the road, and did not post the road with a weight limit. The upgrade was completed in July 2010.

Following the upgrade, the Brentwood Board of Selectmen included an article in the warrant for the 2011 town meeting authorizing the Town of Brentwood to pay Exeter a portion of the cost of upgrading the road. The warrant article did not pass. After learning that the warrant article failed, Exeter town officials revisited the issue of posting a weight limit on Pine Road, and renewed their request that the Town of Brentwood contribute to the upgrade. The Town of Brentwood again refused. In June 2011, pursuant to RSA 231:191, the Exeter Board unanimously voted to post a weight limit of eight tons on Pine Road.

The following week, a selectman from the Town of Brentwood met with the Exeter Board and requested that Pine Road not be posted. He stated that several problems would be created by the posting, including the dangerous rerouting of heavy trucks to roads in the Town of Brentwood. Exeter agreed to delay posting the road.

On several occasions over the next few months, the Exeter Board discussed Pine Road and met with officials from the Town of Brentwood. Officials from both towns discussed damage to Pine Road that had occurred after its reconstruction, as well as safety issues at and near the intersection of Pine Road with Route 27 (Route 27 intersection) that had been caused by the continuing use of the intersection by the heavy trucks from the Brentwood businesses. The Exeter Board also continued its futile efforts to have the Town of Brentwood share the cost of the road upgrade. The trial court found that during this time the "Exeter selectmen's primary concerns were recovering the extra cost the town invested to upgrade the road . . . and the safety of the intersection with Route 27," observing that the "overwhelming majority of the discussion" at meetings during the fall of 2011 "focused on the traffic safety issues with the Route 27 intersection." The trial court described the safety concerns — which, it noted, had been "discussed at length in the Exeter Board of Selectmen meetings" — as follows:

> The record is replete with evidence that the large tractor trailers entering and [exiting] Pine Road from Route 27 take wide turns that encroach into oncoming traffic or off-track from the existing pavement to make the wide turning radius. . . . These issues create safety concerns regard[ing] the intersection and originate almost exclusively as a result of the truck traffic from the Brentwood businesses. But for these oversized trucks, the Route 27 intersection would be adequate for ordinary traffic in Exeter.

2

Further, the minutes of the Exeter Board's meetings show that Exeter's highway agent informed the Exeter Board about the "wear and the tear of Pine Road" that had been sustained after its reconstruction, stated his safety concerns about the continuing use of the Route 27 intersection by the large trucks, and predicted that, if the various safety issues at the intersection were not addressed, there "w[ould] be a fatal accident out there some day."

In November 2011, the Exeter Board voted to implement the posting of Pine Road, and it was posted in December. Shortly thereafter, the attorney for Brentwood Distribution sent two letters to the Exeter Board, asserting that the posting was unlawful, and warning that "[l]itigation is the only alternative if the posting is not removed forthwith." The posting was not removed, and, in January 2012, Brentwood Distribution filed a petition in Superior Court seeking injunctive relief, damages, and attorney's fees and costs. Brentwood Distribution alleged that the posting of Pine Road was illegal. Exeter countered that the request for preliminary relief should be denied because Brentwood Distribution had failed to exhaust its administrative remedies under RSA 231:191. The trial court granted motions to intervene filed by the Town of Brentwood, Quikrete, and NEI.

After a hearing, the trial court issued a preliminary injunction enjoining Exeter from posting the road until after a final hearing on the merits. Soon thereafter, Exeter filed a cross-claim against the Town of Brentwood, asserting that the Town of Brentwood was liable for a share of the cost incurred to upgrade Pine Road, and for a portion of the future costs associated with upgrading the Route 27 intersection.

Prior to trial, the trial court granted summary judgment in favor of Exeter on Brentwood Distribution's claim for damages, concluding that the actions of the Exeter Board regarding the posting of Pine Road qualified for discretionary function immunity. See Appeal of N.H. Dep't of Transp., 159 N.H. 72, 74 (2009) ("When the particular conduct which caused the injury is one characterized by the high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning, governmental entities should remain immune from liability." (quotation omitted)). This ruling has not been appealed.

Following a bench trial, the trial court permanently enjoined Exeter from posting the weight limit on Pine Road. The court concluded that Exeter had failed to comply with RSA 231:191, I, rejecting Exeter's argument that safety concerns regarding the use — and impact — of heavy trucks from Brentwood businesses at the Route 27 intersection provided a lawful basis for posting the road. In finding that the posting was unlawful, the trial court explained that, although RSA 231:191, V "suggests that public safety may play a role in [the] decision" to post a road, the only public safety concerns that could justify the posting of Pine Road are those attributable specifically to the damage to Pine

Road caused by its use by heavy trucks. Therefore, the trial court concluded that the "concerns about traffic safety at the intersection between Pine Road and Route 27 need to be addressed by other means," and that RSA 231:191, I, "does not authorize the town to post a weight limit to address these kind[s] of safety issues."

The trial court further found that the Exeter Board posted Pine Road primarily because the selectmen were "upset that the Town of Brentwood refused to contribute toward . . . the upgrade of Pine Road." The trial court concluded that this was "not a valid purpose for posting the road." See RSA 231:191, I. The trial court ruled that, because the posting was unlawful, Brentwood Distribution and the intervenors were not required to exhaust their administrative remedies prior to filing suit. The trial court also decided that the Town of Brentwood was required to pay part of the cost of the July 2010 Pine Road upgrade, and that it would be responsible for a portion of the future costs of improving the Route 27 intersection. See RSA 231:74 (2009).

The trial court awarded attorney's fees to Brentwood Distribution, Quikrete, and NEI, but denied the Town of Brentwood's fee request. Exeter and the Town of Brentwood filed motions for reconsideration, which were denied. This appeal and cross-appeal followed.

On appeal, Exeter argues that the trial court erred when it concluded that the posting was unlawful, and also asserts that the suit was barred because Brentwood Distribution and the intervenors failed to exhaust their administrative remedies. Exeter further argues that the trial court erred when it awarded attorney's fees to the three businesses. The Town of Brentwood cross-appeals the trial court's denial of its request for attorney's fees, and it argues that Exeter's appeal was untimely.

As a threshold matter, we address the Town of Brentwood's argument that Exeter's appeal of the merits decision was untimely. We disagree. Because we conclude that Exeter properly waited for a final decision from the trial court on the attorney's fees issue before filing its notice of appeal, we will turn to the arguments as to the merits and the fee award. See Van Der Stok v. Van Voorhees, 151 N.H. 679, 681 (2005) (agreeing that appeal of merits ruling was timely when plaintiff "properly waited for a final ruling on attorney's fees before filing his notice of appeal"); see also Sup. Ct. R. 7(1)(C). Additionally, because we agree with Exeter's argument on the merits — that the trial court erred when it concluded that the posting of Pine Road was unlawful — we assume without deciding that Brentwood Distribution and the intervenors properly exhausted any administrative remedies prior to filing suit.

We now turn to the merits of the trial court's ruling and its award of attorney's fees. The trial court found that, between the time of the original vote in June 2011 to post Pine Road, and the decision in November 2011 to

implement the posting, the "overwhelming majority of the discussion" at the Exeter Board's meetings "focused on the traffic safety issues with the Route 27 intersection" caused by the "oversized trucks" from Brentwood businesses. Despite these findings, the trial court concluded that those safety concerns could not justify posting Pine Road because RSA 231:191, I, "does not authorize the town to post a weight limit to address these kind[s] of safety issues."

On appeal, Exeter asserts that the trial court erred when it ruled that, in determining whether to post Pine Road, the Exeter Board could not lawfully consider the safety issues arising because of the use of the Route 27 intersection by heavy trucks from the Brentwood businesses. Brentwood Distribution and the intervenors counter that the trial court correctly concluded that, under the plain language of RSA 231:191, I, "concerns about the safety of an intersection, even if genuine, do not form a [lawful] basis to impose a weight limit posting."

"Although we review the trial court's statutory interpretation de novo, we will uphold its factual findings unless the evidence does not support them or they are erroneous as a matter of law." Rabbia v. Rocha, 162 N.H. 734, 738 (2011) (citation omitted). "In matters of statutory interpretation, we are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole." Zorn v. Demetri, 158 N.H. 437, 438 (2009). "We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning." Id. "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include." Id. "We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result." Id. "Moreover, we do not consider words and phrases in isolation, but rather within the context of the statute as a whole." Id. at 438-39. "This enables us to better discern the legislature's intent and to interpret statutory language in light of the policy or purpose sought to be advanced by the statutory scheme." Id. at 439.

RSA 231:191, I, provides, in pertinent part, that the "governing body of a municipality may establish maximum weight limits . . . for any class IV, V, or VI highway or portion of such highway, when the highway agent determines that such highway requires postings to prevent unreasonable damage or extraordinary municipal maintenance expense." This provision is part of a comprehensive statutory scheme under which, pursuant to RSA 41:11 (2012), selectmen are granted broad authority to "regulate the use of all public highways, sidewalks, and commons in their respective towns and for this purpose may exercise all the powers conferred on city councils by RSA 47:17, VII, VIII, and XVIII, and by any other provisions of the laws upon the subject." See RSA 47:17, VII-VIII (2012) (permitting city councils to "regulate all streets and public ways," including by erecting posts, "mak[ing] special regulations as

5

to the use of vehicles upon particular highways," and making regulations to "exclude such vehicles altogether from certain ways"). As to the posting of weight limits on roads, the legislature has explained that the "condition of . . . roads may at times necessitate that certain limits, seasonal or otherwise, as authorized in RSA 41:11, be placed upon the weight of vehicles that can <u>safely</u> pass across such roads, so as to avoid causing damage which may result in hazards to <u>public safety</u> or excessive municipal expense." RSA 231:190 (2009) (emphases added). This reference to "public safety" in the "Statement of Purpose" for RSA 231:191 is mirrored by a reference to public safety in RSA 231:191, V, which provides that a municipality shall grant an exemption from a posted weight limit to "any owner of land or a commercial enterprise served by such highway" who complies with certain requirements, "unless the exemption would be detrimental to <u>public safety</u>." (Emphasis added.)

Here, the trial court noted that RSA 231:191, V "suggests that public safety may play a role in" the decision to post a road. We agree. However, we conclude that the trial court construed RSA 231:191, V too narrowly, and disregarded the other statutory provisions described above, when it determined that the <u>only</u> safety concerns that could legitimately justify posting Pine Road under RSA 231:191, I, are those related specifically to damage to Pine Road itself, as opposed to safety concerns relating to the Route 27 intersection arising because of the use of Pine Road by heavy trucks.

There is nothing in RSA 231:191, I, that establishes that when determining whether to post a road weight limit, a municipality's governing body or its highway agent may not consider public safety issues arising because of the use of heavy trucks at an intersection. Moreover, were we to hold that concerns regarding public safety at the Route 27 intersection arising from the use by heavy trucks could not factor into the decision as to whether to post Pine Road, we would be ignoring several other statutory provisions that authorize, implicitly or explicitly, the consideration of public safety when posting a road. <u>See</u> RSA 41:11; RSA 47:17, VII-VIII; RSA 231:190; RSA 231:191, V.

Accordingly, we conclude that the Exeter Board and its highway agent could properly consider the public safety concerns arising out of the use of Pine Road by heavy trucks at the Route 27 intersection when deciding whether to post Pine Road. <u>See</u> <u>Appeal of Dell</u>, 140 N.H. 484, 497 (1995) (concluding that, because there was "nothing in the statutory language prohibiting consideration of [certain] factors in a reinstatement proceeding," the New Hampshire Board of Registration in Medicine "may, in its discretion, determine that such conduct is relevant to the issue of a physician's professional competence"). Therefore, the trial court erred in deciding to the contrary.

We note that Brentwood Distribution and the intervenors also argue that the issue of whether public safety concerns can justify the posting of a road

under RSA 231:191, I, is "irrelevant to the outcome of the case" because regardless of the safety concerns, the trial court found that the original decision to post Pine Road was made "primarily" to "pressure Brentwood for money for the road's reconstruction." We recognize that the trial court found that, in June 2011, the Exeter Board was "primarily motivated by an intent to pressure Brentwood" into paying its share of the road upgrade. However, the trial court also found that, during the period between the initial vote and the decision in November 2011 to implement the posting, the Exeter Board focused upon the safety issues involving the use of heavy trucks from the Brentwood businesses at the Route 27 intersection. Indeed, the trial court found that these safety issues became a "primary" concern for the Exeter Board, and that the "overwhelming majority" of the Exeter Board's discussions in the meetings prior to implementing the posting focused upon these safety issues. Accordingly, given that the posting was not implemented until after the November vote, we are not persuaded that the legitimate public safety concerns arising out of the use of heavy trucks at the Route 27 intersection are "irrelevant"[*] to the outcome of this case.

Because these safety concerns supported the posting of Pine Road, and the trial court's findings regarding the safety concerns at the Route 27 intersection are well-supported by the record, see Rabbia, 162 N.H. at 738 (explaining that we uphold trial court's factual findings unless the evidence does not support them or they are erroneous as a matter of law), we conclude that, under all the circumstances, the posting of Pine Road complied with RSA 231:191, I, and was, therefore, lawful. Accordingly, we reverse the trial court's decision.

We next consider whether the trial court erred when it awarded attorney's fees to Brentwood Distribution, Quikrete, and NEI, and declined to award attorney's fees to the Town of Brentwood. The trial court awarded fees to the three businesses under two separate theories: bad faith litigation and litigation conferring a substantial benefit to the public. See Frost v. Comm'r, N.H. Banking Dep't, 163 N.H. 365, 378 (2012) (explaining bad faith litigation and substantial benefit theories). However, a prerequisite to the award of attorney's fees under both theories is that the party to whom the fees are awarded must be a prevailing party. See, e.g., Van Der Stok, 151 N.H. at 685 (regarding bad faith); Asmussen v. Comm'r, N.H. Dep't of Safety, 145 N.H. 578, 596 (2000) (regarding substantial benefit); see also Dow v. Town of Effingham, 148 N.H. 121, 133 (2002) ("In this case, the plaintiff is not entitled to attorney's fees because he is not the prevailing party."). Given our decision today,

---

[*] To the extent that Brentwood Distribution and the intervenors separately argue that the Exeter Board could not consider public safety concerns at the Route 27 intersection because Route 27 is a state highway over which the Exeter Board has no jurisdiction, we conclude that the argument is not sufficiently developed to warrant appellate review. See Sutton v. Town of Gilford, 160 N.H. 43, 61 (2010).

Brentwood Distribution, Quikrete, NEI, and the Town of Brentwood are not prevailing parties, and, therefore, are not entitled to an award of fees.

Finally, nothing in this decision should be construed to preclude Brentwood Distribution, Quikrete, or NEI from requesting written permission to exceed the posted weight limit on Pine Road, seeking an exemption from the posting, or requesting a hearing before the Exeter Board. <u>See</u> RSA 231:191, III, V, VII. We express no opinion as to the proper outcome of any such action. We observe, however, that the enforcement of the weight limit has been enjoined for more than four years, and during this time material changes may have occurred in the road layout at or near the Route 27 intersection, or in the condition of the road surface and the adjacent shoulder.

<u>Reversed in part; and
affirmed in part</u>.

DALIANIS, C.J., and HICKS, CONBOY, and BASSETT, JJ., concurred.

**Eileen Fox,
Clerk**