NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

7th Circuit Court-Rochester Family Division
Nos. 2016-0259
        2016-0629


IN THE MATTER OF EMILY SANBORN AND TIMOTHY E. SANBORN

Submitted: June 21, 2017
Opinion Issued: December 8, 2017


Springer Law Office, PLLC, of Portsmouth (Jonathan S. Springer on the brief), for the petitioner.


Timothy E. Sanborn, self-represented party, by brief.


LYNN, J. In these consolidated appeals, the petitioner, Emily Sanborn, and the respondent, Timothy E. Sanborn, appeal orders of the Circuit Court (Foley, J.) ruling upon the respondent's post-divorce motions. The petitioner argues that the court erred by ordering that the respondent is entitled to continuation coverage under the petitioner's dental insurance plan pursuant to RSA 415:18, XVI (2015). The respondent cross-appeals, arguing that the court erred by denying his request for attorney's fees. We reverse in part and affirm in part.

The relevant facts are as follows. The parties' final divorce decree was issued in 2009. The respondent appealed, and we affirmed the trial court's decree in March 2011. Our mandate issued on April 21, 2011. Section 6 of the final divorce decree provided that "[e]ach party shall be responsible for his

or her own health and dental insurance and his or her own uninsured medical and dental expenses."

In December 2012, the respondent moved to amend the divorce decree to allow him to be put on the petitioner's dental plan "as a dependent for the 3 year continuation coverage period," retroactive to April 2011.  The petitioner agreed that the decree should be amended to allow for three years of continuation of dental insurance coverage for the respondent from April 2011 to April 20, 2014.  Subsequently, the Circuit Court (Ashley, J.) issued an order amending section 6 of the divorce decree, per the parties' agreement, to read, in relevant part:

> Each party shall be responsible for his or her own health insurance and his or her own uninsured medical and dental expenses.  Regarding dental insurance, [the respondent] shall be kept on [the petitioner's] group dental insurance policy, through her employment, as a dependent for the three year continuation coverage period which continuance coverage period will expire on April 20, 2014.  This obligation shall continue only so long as [the petitioner] is employed at the same employer and the employer offers the group dental insurance as a benefit.

The petitioner was employed as the plan administrator for Breed's Hill Insurance Agency (Breed's Hill) from September 1, 2006 through March 1, 2014.  Through this employment, she received dental insurance from Principal Insurance Group (Principal).  In March 2014, a third-party insurance agency acquired Breed's Hill, and Breed's Hill was thereafter effectively defunct.  The petitioner received the same dental insurance benefits through April 30, 2014.  On May 1, 2014, the petitioner received new insurance coverages through her employment with the third-party insurance agency, including dental coverage through Aetna.  In April 2015, the petitioner left that employment, and her dental coverage was no longer effective as of the end of August 2015.  The petitioner started new employment on August 24, 2015, and received dental insurance through this employment starting October 1, 2015.

At some point in late 2015, the respondent sought a further ruling on dental insurance coverage.  He argued that, pursuant to RSA 415:18, VII-b and XVI, the petitioner had the responsibility to notify him of the expiration of the dental insurance coverage.  He further contended that he should have been "offered continuation of coverage" before April 2014.  He contended that it was her responsibility to notify him because he claimed that she was the plan administrator for Breed's Hill at the time that his coverage ended.  He further argued that, because he turned 55 during the period of coverage that ended in April 2014, he was entitled to coverage pursuant to RSA 415:18, XVI(c)(5), which provides that "[w]hen the . . . divorced spouse . . . is 55 years of age or older and loses coverage because of the . . . divorce," coverage shall continue

2

under RSA 415:18, XVI "until such time as the spouse becomes eligible for participation in another employer-based group plan or becomes eligible for Medicare."

The petitioner countered that the respondent received all of the coverage to which he was entitled under RSA 415:18. She further argued that her employment with Breed's Hill ended on March 1, 2014, when Breed's Hill was acquired by the third-party insurance agency and, therefore, pursuant to the amended divorce decree, the respondent was no longer entitled to benefits under her plan because she was no longer employed by the "same employer." Nonetheless, she maintained that any burden to notify the respondent prior to the expiration of coverage in April 2014 was attributable to the carrier, Principal, and not to her. In addition, she contended that the respondent is not entitled to coverage under RSA 415:18, XVI(c)(5) because he was not 55 at the time the divorce decree became final.

Following a hearing on offers of proof presented through counsel, the trial court ruled in favor of the respondent. The court treated the coverage the respondent obtained pursuant to the 2013 amendment to the divorce decree as continuation coverage governed by RSA 415:18, XVI rather than coverage under RSA 415:18, VII-b (2015). It then ruled that, although both parties' interpretations of RSA 415:18, XVI(c)(5) appeared to be reasonable, the respondent's interpretation "better reflect[ed] legislative intent" and, therefore, the respondent was eligible for continuation coverage under RSA 415:18, XVI(c)(5).

Because the respondent was eligible for continuation coverage, the court found that he was entitled to notification of termination of coverage pursuant to RSA 415:18, XVI(f)(5). Under RSA 415:18, XVI(f)(5), "[t]he carrier shall notify the individual of the right to continue coverage within 30 days of receiving notice from the plan administrator or employer of the loss of coverage." The court found that, at the time that the respondent lost coverage in April 2014, the petitioner "was still the plan administrator" and, thus, she was responsible for notifying Principal of the respondent's loss of coverage, which, in turn, would have triggered Principal's obligation to notify the respondent of his eligibility for coverage under RSA 415:18, XVI(c)(5). See RSA 415:18, XVI(e)(1).

The court ordered the petitioner to add the respondent "to her insurance as a dependent or former spouse, for a period of time long enough to trigger continuation coverage when she removes him from her group plan as a result of their divorce." The court stated that it would "accept proposed orders amending the [divorce] decree, if necessary, to supply [the respondent] with coverage for the period when he was without dental insurance." It further ordered that "[a]ny unpaid dental care expenses falling within [the period when the respondent was without dental insurance] should be addressed in the proposed orders, or will otherwise be the responsibility of the" petitioner. The

3

respondent subsequently sought attorney's fees, which the court declined to award.  This appeal and cross-appeal followed.

We note that the respondent has filed a "supplemental dental appeal brief" and the petitioner has moved to strike that brief.  (Bolding and capitalization omitted.)  Following submission of the case on the briefs, the respondent filed a separate motion to accept the supplemental brief.  We grant the respondent's motion to accept and deny the petitioner's motion to strike; therefore, we have considered the respondent's supplemental brief.

I.    Petitioner's Appeal

We first address the petitioner's appeal.  The petitioner argues that the trial court erred by finding that the respondent was eligible for continued dental insurance coverage under RSA 415:18, XVI.  She contends that "RSA 415:18 provides two terms of dental insurance coverage following a decree of divorce:" (1) coverage provided for under RSA 415:18, VII-b; and (2) the "continuation coverage" provided for by RSA 415:18, XVI.  She maintains that, in this case, the respondent was entitled only to continuation coverage under section XVI, which she asserts he received as a result of the 2013 amendment to the divorce decree.

Resolution of this issue requires us to engage in statutory interpretation.  The interpretation of a statute is a question of law, which we review de novo.  Zorn v. Demetri, 158 N.H. 437, 438 (2009).  "When interpreting a statute, we first look to the plain meaning of the words used and will consider legislative history only if the statutory language is ambiguous."  Reid v. N.H. Attorney Gen., 169 N.H. 509, 522 (2016) (quotation omitted).  We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include.  Zorn, 158 N.H. at 438.

We begin by examining the coverage the respondent obtained as a result of the 2013 amendment to the divorce decree.  The trial court treated the coverage arising during this period as continuation coverage governed by RSA 415:18, XVI, rather than RSA 415:18, VII-b (2015), "[b]ecause neither party [had] explicitly argued that the coverage period retroactive to 2011 and ending April 20, 2014 was governed by [RSA 415:18,] VII-b, and because the [2013] amended decree refers to the coverage during this period as 'continuation coverage.'"  The petitioner contends that this was correct.  She maintains that, pursuant to the language of the original divorce decree, coverage under RSA 415:18, VII-b "never arose."  We agree.

4

RSA 415:18, VII-b provides, in relevant part:

> Any group accident and health insurance policy covering a resident of New Hampshire shall contain the following provisions:
>
> (a) Upon a final decree of divorce or legal separation, if one spouse is a member of a group accident and health insurance policy, the former spouse who is a family member or eligible dependent under said policy prior to the date of the decree shall be and remain eligible for group benefits as a family member or eligible dependent under said policy, without additional premium or examination, as if said decree had not been issued. Such eligibility shall not be required if the decree expressly provides otherwise.

(Emphasis added.)

Here, the original divorce decree provided that "[e]ach party shall be responsible for his or her own health and dental insurance and his or her own uninsured medical and dental expenses." Thus, pursuant to the language of the original divorce decree, the respondent was not eligible for coverage under paragraph VII-b as of the date of that decree. See RSA 415:18, VII-b(a). As a result, pursuant to RSA 415:18, XVI(a), the respondent had the right to continuation coverage under RSA 415:18, XVI. See RSA 415:18, XVI(a). We conclude, therefore, that the coverage the respondent obtained as a result of the 2013 amendment to the divorce decree was coverage under RSA 415:18, XVI. See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) ("The interpretation of a court order is a question of law, which we review de novo.").

RSA 415:18, XVI provides, in pertinent part:

> (a) Carriers shall provide continuation of coverage when an individual covered by a plan of group health insurance or a health maintenance organization that provides medical, hospital, dental, and/or surgical expense benefits, except student major medical expense coverage where the policyholder is the school, loses coverage under the plan. Any group policy of health insurance that affects a resident of New Hampshire that is delivered or issued for delivery in this state or any other state shall contain a provision that allows each subscriber or member on the policy who is a resident of New Hampshire to obtain continuation coverage under this section. Coverage shall be provided in accordance with the procedures described in this section.
>
> . . . .

5

(c) Periods of coverage shall be as follows:

. . . .

      (4) Thirty-six month period — Subject to subparagraph (e), coverage shall continue subject to this section for a period of 36 months if any individual loses coverage under a group health insurance plan for one of the following reasons:

. . . .

      (B) The divorce or the legal separation of the covered employee or, if the employee's former spouse has been covered pursuant to RSA 415:18, VII-b, the first occurring of any of the following events:

      (i) The remarriage of the covered employee;

      (ii) The death of the covered employee;

      (iii) The 3-year anniversary of the final decree of divorce or legal separation; or

      (iv) Such earlier time as provided by said decree;

. . . .

      (5) When the surviving spouse, divorced spouse, or legally separated spouse is 55 years of age or older and loses coverage because of the death, divorce, or legal separation of the covered employee, coverage shall continue subject to this section until such time as the spouse becomes eligible for participation in another employer-based group plan or becomes eligible for Medicare.

The petitioner argues that the respondent was entitled to only one period of continuation coverage under RSA 415:18, XVI. She contends that, because he received that coverage pursuant to the 2013 amendment to the divorce decree retroactive from April 2011 to April 2014, he has received all of the coverage that he is entitled to under the statute. We agree.

Under RSA 415:18, XVI(a), "[c]arriers shall provide continuation of coverage when an individual covered by a plan of group health insurance or a health maintenance organization that provides medical, hospital, dental, and/or surgical expense benefits . . . loses coverage under the plan." Under

6

subparagraph (b), "[t]he effective date of continuation coverage shall be the date the individual's coverage under the group plan ceased."  RSA 415:18, XVI(b).

RSA 415:18, XVI(c) mandates the "[p]eriods of coverage" that a carrier must provide when an individual loses coverage.  As relevant here, under subparagraph (c)(4), if an individual loses coverage "under a group health insurance plan" by reason of divorce, he or she is entitled to coverage "for a period of 36 months."  RSA 415:18, XVI(c)(4)(B).  On the other hand, under subparagraph (c)(5), "[w]hen the . . . divorced spouse . . . is 55 years of age or older and loses coverage because of the . . . divorce," then coverage "shall continue subject to this section until such time as the spouse becomes eligible for participation in another employer-based group plan or becomes eligible for Medicare."  RSA 415:18, XVI(c)(5).

Here, neither the amended divorce decree, nor the trial court's order specified what period of coverage the respondent obtained under RSA 415:18, XVI(c) as a result of the 2013 amendment to the divorce decree.  However, the amendment provided the respondent with coverage for a three-year, i.e., 36-month, period beginning on the date we issued the mandate on the respondent's appeal of the parties' divorce action.  In addition, the trial court ruled that, read together, subparagraphs (c)(4) and (5) provide the respondent with an extended coverage period under subparagraph (c)(5).  We, therefore, presume that the respondent's initial period of coverage was under subparagraph (c)(4).  See In the Matter of Costa & Costa, 156 N.H. 323, 331 (2007) ("[I]n the absence of specific findings, a court is presumed to have made all findings necessary to support its decree." (quotation omitted)).  Thus, the respondent was entitled to continuation coverage for a period of three years. See RSA 415:18, XVI(c)(4).

It is undisputed that the respondent obtained three years of coverage pursuant to the 2013 amendment to the divorce decree.  Nonetheless, the trial court found that, following the expiration of the three-year period of coverage, the respondent was entitled to an additional period of coverage under RSA 415:18, XVI(c)(5).  This was error.

We interpret 415:18, XVI(c) as providing separate and discrete coverage periods depending upon the reason that an individual loses coverage.  See RSA 415:18, XVI(c).  Nothing in the statutory language of subparagraph (c)(4) suggests that an individual is entitled to an additional period of continuation coverage once the 36-month period has expired.  See RSA 415:18, XVI(c)(4).

Moreover, to obtain coverage under subparagraph (c)(5), the individual must be "55 years of age or older and lose[] coverage because of the . . . divorce."  RSA 415:18, XVI(c)(5) (emphasis added); see Boyle v. City of Portsmouth, 154 N.H. 390, 392 (2006) ("The word 'and' is defined as 'along with or together with,' 'added to or linked' and 'as well as.'" (ellipsis omitted)).

7

In this case, the respondent initially lost coverage because of the divorce on April 21, 2011, the date our mandate issued on his appeal of the divorce decree. He later turned 55 during the three-year period of coverage provided by the 2013 amendment to the divorce decree. Thus, because the respondent was not 55 at the time that he lost coverage because of the divorce, he was not eligible for coverage under RSA 415:18, XVI(c)(5).

The respondent cites RSA 415:18, VII-b(h) in support of his argument that the trial court did not err by finding that he is entitled to a second period of coverage under RSA 415:18, XVI(c)(5). RSA 415:18, VII-b(h) provides that

> [t]o the extent that there is a conflict between [RSA 415:18, VII-b] and RSA 415:18, XVI with respect to eligibility for group coverage upon a final decree of nullity, divorce or legal separation, the provisions that confer greater rights on the former spouse shall apply unless the decree expressly provides otherwise.

We interpret this provision as applying when there is a conflict as to whether an individual is eligible for group coverage under RSA 415:18, VII-b or XVI. Here, however, because the language of the original divorce decree rendered the respondent ineligible for coverage under RSA 415:18, VII-b as of the date of that decree, there is no such conflict. RSA 415:18, VII-b(h) is therefore inapplicable in this case.

The respondent further suggests that the petitioner's appeal is not properly before us because, after she filed her notice of appeal, the parties reached an agreement regarding his dental insurance coverage. The petitioner disputes that the parties reached "any agreement regarding dental insurance." The respondent has not provided this court with a record demonstrating that this issue was presented to the trial court, nor has he requested that we remand this case to the trial court to address this issue. In these circumstances, we decline to address this argument.

Accordingly, because the respondent was entitled to only one period of continuation coverage under RSA 415:18, XVI, and he received that coverage pursuant to subparagraph (c)(4), we conclude that the trial court erred by ruling that he was entitled to extended coverage under subparagraph (c)(5). We, therefore, reverse the trial court's order requiring the petitioner to add the respondent to her insurance and to pay for certain of the respondent's insurance costs.

In light of our decision, we need not address the petitioner's remaining arguments.

II.     Respondent's Cross-Appeal

        In his cross-appeal, the respondent contends that the trial court erred by denying his request for attorney's fees.  A prevailing party may be awarded attorney's fees when recovery of fees is authorized by statute, an agreement between the parties, or an established judicial exception to the general rule that precludes recovery of such fees.  In the Matter of Mason & Mason, 164 N.H. 391, 398 (2012).  Given our decision herein, the respondent is not the prevailing party and, therefore, is not entitled to an award of attorney's fees.  Accordingly, we affirm the trial court's ruling on the respondent's request for attorney's fees.

                                            Reversed in part; and
                                            affirmed in part.

        DALIANIS, C.J., and BASSETT, J., concurred.