# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0159, <u>Omoro Mogaj v. The TRC Trust & a.</u>, the court on October 25, 2019, issued the following order:**

Having considered the plaintiff's brief and reply brief, the defendants' memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff appeals an order of the Circuit Court (<u>Introcaso</u>, J.) dismissing a petition brought pursuant to RSA 540-A:4 (Supp. 2018). RSA 540-A:4 allows a "tenant or landlord [to] seek relief from," RSA 540-A:4, II, and provides remedies for, violations of RSA 540-A:2 (2007) and RSA 540-A:3 (Supp. 2018). RSA 540-A:2 and RSA 540-A:3 prohibit both "landlords" and "tenants" from engaging in certain conduct within the course of a landlord-tenant relationship. For purposes of these provisions, "landlord" is defined as "an owner, lessor, or agent thereof who rents or leases <u>residential premises</u>," and "tenant" is defined as "a person to whom a landlord rents or leases <u>residential premises</u>," RSA 540-A:1, I, II (2007) (emphasis added). "[I]f the primary purpose for renting a structure is commercial, then RSA chapter 540-A does not apply." <u>Atwood v. Owens</u>, 142 N.H. 396, 399 (1997). <u>See</u> <u>also</u> <u>Zorn v. Demetri</u>, 158 N.H. 437, 440 (2009) (observing that RSA chapter 540-A "evinces an intent to govern the rental of only residential premises").

In this case, the record establishes that the parties' lease was for a commercial property. The plaintiff filed the present petition under RSA 540-A:4, asserting that the defendants were not allowing the plaintiff to recover personal property from the leased premises following an eviction. The defendants moved to dismiss, arguing that the plaintiff was not entitled to relief under RSA 540-A:4 because the operative lease was a commercial lease. The trial court granted the motion. Because the governing lease was for a commercial purpose, we agree that the defendant was entitled to dismissal of the petition as a matter of law. We have considered the plaintiff's remaining arguments, and have concluded that they do not warrant further discussion. <u>See</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993).

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**
