NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Original
Case No. 2022-0696
Citation: Petition of City of Manchester, 2024 N.H. 37


PETITION OF CITY OF MANCHESTER & a.

Argued: September 21, 2023
Opinion Issued: July 16, 2024
Opinion Modified: September 6, 2024

Bernard & Merrill, PLLC, of Manchester (Gary S. Harding, Kevin W. Stuart and Michelle A. Broadhurst on the brief, and Gary S. Harding orally), for the petitioners, City of Manchester, Walgreen Eastern Co., Inc., Shaw's Supermarkets, Inc., BAE Systems, Inc., Phillips Exeter Academy, People's Linen Services, LLC, North Country Independent Living, Inc., and Highliner Foods USA, Inc.

John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Laura E. B. Lombardi, senior assistant attorney general, on the brief and orally), for the New Hampshire Department of Labor.

BASSETT, J.

[¶1] The petitioners, eight New Hampshire employers, seek a writ of

mandamus to compel the New Hampshire Department of Labor (DOL) to hold department-level hearings to allow the employers to challenge the denial of their applications for reimbursement from the Special Fund for Second Injuries (Fund).[1]  See Sup. Ct. R. 11.  The petition is granted.

[¶2] The following facts are undisputed or are supported by the record. In 2021, the employers filed applications seeking reimbursement from the Fund for payments made on workers' compensation claims for calendar year 2020.  Each employer received a letter from the coordinator of the Fund denying its application for reimbursement, and informing it that it could appeal to the Compensation Appeals Board (CAB) pursuant to RSA 281-A:43, I(b) (2023).  Each employer appealed to the CAB and also filed a request with the DOL for a department-level hearing pursuant to RSA 281-A:43, I(a) (2023).  The DOL denied each employer's request for a hearing pursuant to RSA 281-A:43, I(a), stating that the employer had not articulated a dispute under RSA 281-A:43, I(a) for which a department-level hearing could be scheduled, and that a dispute regarding the denial was more appropriately heard by the CAB. Thereafter, the employers filed a petition for original jurisdiction with this court, seeking a writ of mandamus.  See Sup. Ct. R. 11.  All proceedings before the CAB have been stayed pending our decision in this matter.

[¶3] Mandamus is an extraordinary writ "used to compel a public official to perform a ministerial act that the official has refused to perform, or to vacate the result of a public official's act that was performed arbitrarily or in bad faith."  Petition of Cigna Healthcare, 146 N.H. 683, 687 (2001).  "This court will, in its discretion, issue a writ of mandamus only where the petitioner has an apparent right to the requested relief and no other remedy will fully and adequately afford relief."  Id.  The question presented for our review is whether the DOL is statutorily required to grant a request to hold a department-level hearing when an employer's request for reimbursement from the Fund is denied.  See RSA 281-A:54 (2023).

[¶4] RSA 281-A:55 establishes the Fund, which was "created to encourage employers to hire or retain employees with permanent physical or mental impairments of any origin by reducing the employer's liability for workers' compensation claims."  Appeal of Hartford Ins. Co., 162 N.H. 91, 93 (2011) (quotation omitted).  Insurance carriers and self-insured employers make payments into the Fund.  See RSA 281-A:55, III (2023).  The funds are later disbursed to eligible insurance carriers or employers to reimburse them for eligible disability compensation payments made to employees in the course of their employment.  See RSA 281-A:54, I.  To qualify for reimbursement from the Fund, an employer or insurance carrier must demonstrate that it paid

---

[1] The requests for a department-level hearing filed with the DOL were filed by either the insurance carrier or a third-party administrator.  Because the parties refer to the petitioners as "the employers" in their briefs, we also do so.

workers' compensation benefits to an employee with a permanent impairment who incurs a subsequent disability by injury arising out of and in the course of his or her employment that "results in a greater workers' compensation liability by reason of the combined effects of the preexisting impairment than would have resulted from the subsequent injury alone." Appeal of the Lawson Group, 175 N.H. 397, 401 (2022); see also RSA 281-A:54, I; Appeal of CNA Ins. Co., 143 N.H. 270, 273 (1998) (interpreting prior version of statute). The employer must also establish by written records that the employer knew of the permanent physical or mental impairment at the time the employee was hired or retained in employment. RSA 281-A:54, I.

[¶5] The commissioner of the DOL administers the Fund. See RSA 281-A:55. Although DOL regulations establish an application process for employers or insurance carriers to demonstrate eligibility for reimbursement from the Fund, the regulations do not specify how an employer is to appeal a denial of reimbursement. See N.H. Admin. R., Lab 506.04. The DOL acknowledges that until approximately ten years ago, when an employer's or carrier's request for reimbursement was denied, a department-level hearing was held before a presiding officer, whose decision could then be appealed to the CAB. The DOL's more recent practice has been to require the employer or carrier to appeal directly to the CAB. The DOL now takes the position that RSA 281-A:43 does not provide the DOL with authority to hold either a department-level hearing or a CAB hearing, and that any authority to hold a hearing would instead derive from the Administrative Procedure Act. See RSA ch. 541-A (2021 & Supp. 2023). The petitioners counter that, by its plain language, RSA 281-A:43, I(a) applies to cases in which employers have been denied reimbursement from the Fund.

[¶6] Because resolution of this issue requires us to determine whether the procedures set forth in RSA 281-A:43 apply when an employer's request for reimbursement pursuant to RSA 281-A:54 is denied, the issue is one of statutory construction, and our review is de novo. See Caron v. N.H. Dep't of Emp't Sec., 175 N.H. 540, 544 (2022). On questions of statutory interpretation, we first examine the language of the statute and ascribe the plain and ordinary meaning to the words used. Appeal of Vasquez, 175 N.H. 450, 453 (2022). We interpret the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. We consider words and phrases in the context of the statute as a whole in order to better discern the legislature's intent and to interpret statutory language in light of the policy or purpose sought to be advanced by the statutory scheme. Id. We construe all parts of a statute together to effectuate its overall purpose and to avoid an unjust or absurd result. Id.

[¶7] RSA 281-A:43, I(a) provides, in relevant part,

In a controversy as to the responsibility of an employer or the

3

employer's insurance carrier for the payment of compensation and other benefits under this chapter, any party at interest may petition the commissioner in writing for a hearing and award.

We agree with the petitioners that this language grants to employers a department-level hearing before an authorized representative of the commissioner when they have been denied reimbursement from the Fund.

[¶8] The DOL quotes the language, "a controversy as to the responsibility of an employer . . . for the payment of compensation and other benefits under [RSA chapter 281-A]," id., and argues that the denial of an application for reimbursement from the Fund is not a controversy "between the employer and any other party regarding the responsibility of the employer for the payment of benefits." The DOL argues that this provision of the statute applies only in cases where there is a dispute as to whether a claimant is entitled to benefits. According to the DOL, because whether the claimant is entitled to benefits is not the issue in dispute in Second Injury Fund cases, the statute does not provide the employer a right to a hearing on the denial of its request for reimbursement.

[¶9] We do not read the statute so narrowly. The statutory provision states that "any party at interest" may petition the commissioner in writing for a hearing and award. Id. The "controversy" arises when an employer, having paid the claimant, applies to the Fund, and the Fund denies the request for reimbursement. At issue is who is ultimately responsible for the compensation previously paid to the employee — the employer or the Fund. Accordingly, the employer is clearly a "party at interest" in a controversy relating to the responsibility to pay an employee compensation and other benefits.

[¶10] Our interpretation serves the purpose sought to be advanced by the statutory scheme. Appeal of Vasquez, 175 N.H. at 453. The DOL acknowledges that RSA 281-A:43, I(b) does not authorize the CAB to hear appeals of Second Injury Fund decisions because the statute provides for appeals to the CAB only after a department-level hearing has been held. See RSA 281-A:42-a, I (Supp. 2023) ("The board shall hear appeals, in accordance with RSA 281-A:43, I(b), from decisions of the commissioner made pursuant to RSA 281-A:43"). Accordingly, if employers are not provided with a department-level hearing, they are not entitled to a CAB hearing. As we have observed, the primary goal of the Fund is to encourage employers to hire or retain employees with permanent physical or mental impairments by reducing the employer's liability for workers' compensation claims. Appeal of Hartford Ins. Co., 162 N.H. at 93. When a controversy arises as to whether an employer or its insurance carrier is either ultimately responsible for the payment of compensation or is due reimbursement from the Fund, RSA 281-A:43, I(a) provides for review of a denial of reimbursement. To construe the statute

4

otherwise — to provide no right to a contested hearing — as the DOL would have us do, would subvert the purpose of the statute.  Of course, if the legislature disagrees with our construction, it is free to amend the statute as it sees fit.  See Zorn v. Demetri, 158 N.H. 437, 441 (2009).

[¶11] Because we agree with the petitioners that RSA 281-A:43, I(a) provides a right to a department-level hearing, we need not address the parties' remaining arguments.

Petition granted.

MACDONALD, C.J., and DONOVAN, J., concurred; HANTZ MARCONI, J., sat for oral argument but subsequently disqualified herself and did not participate in further review of the case.